UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CLIFFORD LESTER,**

                      **Petitioner,**

    v.                                        **9:09-CV-421**
                                                    **(FJS)**

**DEBORAH G. SHULT,**

                      **Respondent.**
_____

**APPEARANCES**

**CLIFFORD LESTER**
**82877-054**
**F.C.I. Ray Brook**
**P.O. Box 9003**
**Ray Brook, New York 12977**
**Petitioner** *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

The Clerk of the Court has sent Petitioner Clifford Lester's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and his memorandum of law to the Court for its review. *See* Dkt. No. 1.[1]

### II. BACKGROUND

Petitioner brings this action to challenge his May 24, 2000 conviction for extortion in

---

[1] Petitioner is currently incarcerated at the Ray Brook Federal Correctional Institution and has paid the required filing fee for this action.

violation of 18 U.S.C. § 1951(b)(2) ("Hobbs Act extortion") in the United States District Court for the Southern District of New York. *See* Dkt. No. 1 at 2; *see also United States v. Lester*, No. 99-CR-1062. Petitioner was sentenced to serve 210 months in prison followed by three years of supervised release. *See* Dkt. No. 1 at 2; *see also Lester*, No. 99-CR-1062, at Dkt. No. 59. Petitioner states that his "subsequent appeal was unsuccessful." *See* Petitioner's Memorandum of Law at 2.

Petitioner also previously filed a motion pursuant to 28 U.S.C. § 2255 in the sentencing court, which that court denied on or about December 2, 2002, as "untimely and frivolous." *See id.* at 2; *see also Lester,* No. 99-CR-1062, Dkt. Nos. 68, 69, 73; *Lester*, No. 02-CV-9310. Petitioner appealed the denial of his section 2255 motion, which the Second Circuit treated as a motion to permit a second or successive section 2255. *See Lester v. United States*, No. 03-CV-3648. The Second Circuit denied that motion on January 12, 2004. *See id.*

Petitioner next filed a petition for a writ of habeas corpus, this time pursuant to 28 U.S.C. § 2241, in the United States District Court for the Northern District of West Virginia on November 24, 2004, while he was incarcerated at FCI Gilmer in Glenville, West Virginia. *See Lester v. Wendt*, No. 1:04-CV-00247, Dkt. No. 1, 2006 WL 3813554 (N.D. W. Va. Dec. 26, 2006), *aff'd,* No. 07-6774, 293 Fed. Appx. 231 (4th Cir. Sept. 15, 2008) (*per curiam*) (unpublished decision). Petitioner claimed that "(1) the government failed in its burden of proof as to all the elements of the charged Hobbs Act violation; and (2) he is actually, factually and legally innocent of violating the Hobbs Act." *Lester*, 2006 WL 3813554, at *1; *see also Lester*, No. 04-CV-247, Dkt. No. 1, at 5-9. Petitioner argued that, because he "never once obtained anything whatsoever from the complainant(s)," his conviction should be vacated

"pursuant to the recent Supreme Court's decision clarifying federal statutory language." *Lester*, No. 04-CV-247, Dkt. No. 1, at 5 (citing *Scheidler v. National Organization for Women*, 537 U.S. 393 (2003)).

In a Report and Recommendation issued on July 20, 2005, Magistrate Judge John S. Kaull recommended that the court deny and dismiss the petition with prejudice, finding that, because Petitioner was challenging the imposition of his sentence and not the execution of his sentence, he should have brought the petition as a section 2255 motion. *See Lester*, No. 04-CV-247, Dkt. No. 4, at 2. The court rejected Petitioner's attempt to challenge his conviction in a section 2241 petition based upon *Scheidler*, finding that Petitioner "failed to demonstrate that the *Scheidler* case deemed his conduct no longer criminal." *See id.* at 3. On December 26, 2006, District Court Judge Frederick P. Stamp, Jr. adopted the Report and Recommendation, agreeing that, because Petitioner was challenging the imposition of sentence, his relief lay in section 2255 and that Petitioner had not demonstrated that section 2255 was inadequate or ineffective to test the validity of his conviction. *See* Dkt. No. 7; *Lester*, 2006 WL 3813554, at *1. The court explained that

> [t]he petitioner argues, in his § 2241 and in his objections to the magistrate judge's report and recommendation, that *Scheidler v. National Organization for Women*, 537 U.S. 393, 123 S. Ct. 1057, 154 L. Ed. 2d 991 (2003), affords him relief under § 2241. This Court disagrees. In *Scheidler*, the Supreme Court held that obtaining property under the Hobbs Act includes both a deprivation and an acquisition of property. *Id.* In *Scheidler*, the Supreme Court found that the defendants did not "obtain" or attempt to obtain property from the private plaintiff, thus the defendants did not commit extortion under the Hobbs Act. *Id.* In this case, the petitioner argues that his situation is similar to *Scheidler* because he did not attempt to obtain property from two of the government's witnesses, Louis Calicchia and Joseph Calicchia.
>
> This Court finds that the petitioner has failed to demonstrate that the

> *Scheidler* case determined that his particular conduct was no longer criminal. *Id.* Thus, the petitioner is not afforded relief under § 2241 because he failed to meet the second prong of the test stated in *In re Jones*, 226 F.3d at 328. Further, this Court finds that the petitioner's assertion that he is innocent of violating the Hobbs Act, without further evidence, does not prove that he is actually innocent. Accordingly, this Court finds that the petitioner's § 2241 petition must be denied.

*Lester*, 2006 WL 3813554, at *1-*2.

Petitioner next filed a document labeled as a petition for either a writ of *audita querela* or error *coram nobis* in the United States District Court for the Southern District of New York on February 23, 2009. *See Lester v. United States District Court*, No. 09-CV-1678, Dkt. No. 1. The district court characterized the petition as a section 2255 motion and transferred it to the Second Circuit for a determination of whether Petitioner should be permitted to file a second or successive section 2255 motion. *See id.* at Dkt. No. 2; *see* No. 09-0965-pr (2d Cir.). On April 8, 2009, Petitioner filed a document in the Second Circuit seeking remand of that case back to the district court, arguing that the district court had failed to consider whether section 2255 was an inadequate or ineffective remedy to challenge his conviction and whether he should be able to bring his claims in a section 2241 petition in light of *Scheidler*. *See* No. 09-0965-pr (2d Cir.). The case is currently pending in the Second Circuit. *See id.*

### III. THE PETITION

In his petition, Petitioner states that he was convicted under the Government's theory of "extortion by intimidation" based upon actions he took in an effort to obtain jobs for others from a construction company. *See* Petitioner's Memorandum of Law at 2-3. He asserts, as he did in the United States District Court for the Northern District of West Virginia, that in

-4-

*Scheidler v. Nat'l Org. for Women*, 537 U.S. 393 (2003), the Supreme Court re-interpreted the meaning of extortion under the Hobbs Act, codified at 18 U.S.C. § 1951(b)(2), and "in doing so rendered [Petitioner]'s conduct under which he was convicted non-criminal." *See* Petitioner's Memorandum of Law at 3.

Specifically, Petitioner states that, in *Scheidler*, the Supreme Court held that, in order to be convicted of Hobbs Act extortion, there must be proof of both deprivation of property and acquisition of property. *See id.* at 2-3; *see also Scheidler*, 537 U.S. at 404. Since the defendants in *Scheidler* neither "pursued nor received 'something of value from' respondents that they could exercise, transfer, or sell," the Supreme Court held that they were not guilty of Hobbs Act extortion. *Scheidler,* 537 U.S. at 405-09. Petitioner argues that, because the evidence at his trial did not show that he attempted to obtain anything for himself ("[Petitioner] made no threats, made no request for money, nor even asked for a job for himself. At most, this would constitute an attempt to manipulate a business's use of its assets, conduct which is not a crime under the Hobbs Act."), he is actually innocent of Hobbs Act extortion under *Scheidler*. *See* Petitioner's Memorandum of Law at 3. Petitioner further argues that the Government's theory of extortion, that "the property at issue is a business's intangible right to exercise exclusive control over use of its assets, [and] [a] defendant obtains that property by obtaining control over the use of those assets," was exactly the argument that the Supreme Court rejected in *Scheidler*. *See id.* at 3-4. Finally, Petitioner claims that, even though *Scheidler* was decided several years after his conviction was final, its holding should apply to his case because it is a substantive ruling on the law that renders his conduct non-criminal. *See id.* at 4-5.

## IV.  DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("*Adams II"*); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence.  *See Adams II,* 372 F.3d at 134; *McQueen v. Shult*, No. 9:08-cv-903, 2008 WL 4757356, *2 (N.D.N.Y. Oct. 28, 2008).  By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence.  *See Adams II*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.  *See Cook v. New York State Div. of Parole,* 321 F.3d 274, 278 (2d Cir. 2003)*; Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *Guerra v. United States*, No. 9:07-CV-346, 2007 WL 1176027, *1 (N.D.N.Y. Apr. 19, 2007).  Petitions filed under section 2241 must name the petitioner's warden as respondent and must be filed in the district of the petitioner's confinement.  *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his conviction under section 2241 if he can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see also Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997).  The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it."  *Triestman*, 124 F.3d at 378 (citations omitted).  The Court of Appeals for the Second Circuit has found that section

2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quotation and footnote omitted).

The fact that Petitioner has invoked section 2241 does not require the Court to so construe his petition. Rather, "'it is the substance of the petition, rather than its form, that' governs." *Cook,* 321 F.3d at 278 (quotation omitted). It is clear that Petitioner is challenging the validity of his underlying conviction rather than the execution of his sentence. He should, therefore, have brought his petition pursuant to section 2255 in the district court that sentenced him.

Under the AEDPA, a federal prisoner may not file a second or successive motion without first receiving certification from the appropriate court of appeals that the petition contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

A petition is second or successive "if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004); *see also, e.g. Burton v. Stewart*, 549 U.S. 147, 153 (2007) (habeas petition was a second or successive

petition because the petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result . . . he was required to receive authorization from the Court of Appeals before filing his second challenge.").

Here, Petitioner previously filed a section 2255 motion in the United States District Court for the Southern District of New York, which that court adjudicated on the merits. *See Lester,* No. 99-cr-1062, Dkt. Nos. 68, 69, 73; *Lester*, No. 02-cv-9310.[2] His current petition, if construed as a section 2255 motion, would therefore be a second or successive motion.

When a petitioner files a section 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification . . . or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction. . . .

*Adams II*, 372 F.3d at 136 (internal citations omitted).

In this case, the Court will follow the former course. Petitioner may not bring his claims pursuant to section 2241 because he has failed to demonstrate that a remedy under section 2255 is inadequate or ineffective. The Second Circuit has held that a remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was

---

[2] The Second Circuit has held that "a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003).

previously available to him on direct appeal or in a prior § 2255 petition." *Adams II*, 372 F.3d at 135 (citing [*Jiminian*,] 245 F.3d at 147-48).

Here, the substance of Petitioner's claim – that, because he did not obtain property within the meaning of the Hobbs Act under the Supreme Court's decision in *Scheidler*, he is actually innocent – was available to him earlier and was, in fact, raised in a prior motion that is currently pending in the Second Circuit. *See Lester,* No. 09-0965-pr (2d Cir.). Petitioner also raised this claim, to no avail, in a prior section 2241 petition in the United States District Court for the Northern District of West Virginia. *See Lester*, 2006 WL 3813554, at *1-*2. Therefore, Petitioner cannot demonstrate that his current claims were previously unavailable to him, a showing necessary to successfully challenge his conviction pursuant to section 2241. *See Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) ("'serious constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion." (quoting *Jiminian*, 245 F.3d at 147-48)); *Cephas*, 328 F.3d at 105 ("[W]here . . . petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").

Accordingly, the Court will treat this petition as a second or successive section 2255 motion,[3] and transfer it in the interest of justice to the Second Circuit to determine, under 28

---

[3] Ordinarily, before a court can properly convert a habeas petition brought under section 2241 into a first section 2255 motion, the court must give the petitioner notice of its intent to convert the petition and an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. *See Castro v. United States*, 540 U.S. 375, 383

U.S.C. § 2255 (h)(1)-(2), whether Petitioner should be authorized to file a second or successive habeas petition in the United States District Court for the Southern District of New York.[4] *Adams II*, 372 F.3d at 136; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam). Finally, the Court concludes that transferring this case is preferable to dismissing it in light of the fact that there is already a case pending in the Second Circuit in which Petitioner has raised similar arguments. *See Lester,* No. 09-0965-pr (2d Cir.).

### V. CONCLUSION

After carefully reviewing Petitioner's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Clerk of the Court shall transfer this matter to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631 to determine, under 28 U.S.C. § 2255 (h)(1)-(2), whether Petitioner should be authorized to file a second or successive habeas petition in the United States District Court for the Southern District of New York; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Petitioner in

---

(2003); *Simon v. United States*, 359 F.3d 139, 141 (2d Cir. 2004). These notice requirements do not apply where, as in this case, a federal prisoner has had one or more prior section 2255 motions dismissed on the merits because he is already subject to the gate-keeping provisions that require certification from the appropriate court of appeals before the district court may consider any second or successive motion. *See Adams II*, 372 F.3d at 136; *Jiminian,* 245 F.3d at 148.

[4] If the Second Circuit certifies a second or successive petition, this Court would lack jurisdiction to entertain that petition because, as previously noted, a petitioner must file a section 2255 motion in the sentencing court – here, the United States District Court for the Southern District of New York.

accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: April 26, 2009
       Syracuse, New York

                                           Frederick J. Scullin, Jr.
                                           Senior United States District Court Judge